**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
RAFFAELE BEVILACQUA,

                           Plaintiff,

      -against-



DEPUY SYNTHES SALES, INC.,

                         Defendant.
------------------------------------------------------------X

FILED
CLERK

12/17/2024 3:23 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM OF DECISION AND ORDER**

Civil Action
No. 23-8154 (GRB) (ARL)

**GARY R. BROWN, United States District Judge**:

       Plaintiff Raffaele Bevilacqua commenced this action against defendant Depuy Synthes Sales, Inc., alleging violations of the Age Discrimination in Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law.  Complaint, Docket Entry ("DE") 1 ¶ 1.  In Count IV of the Complaint, plaintiff alleges defendant violated New York Labor Law § 740 ("NYLL §740").  See *id.* ¶¶ 90-96.  Presently before the Court is defendant's motion to dismiss Count IV as time-barred, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  *See* DE 16-1.  For the reasons stated herein, the motion is DENIED.

       ***Factual Background***

       Defendant is an orthopedic medical device company affiliated with Johnson & Johnson.  DE 1 ¶ 14.  Defendant's business entails supplying implants and other medical devices to hospitals and surgery centers throughout the United States.  *Id.* ¶ 23.  Plaintiff worked as a sales supervisor for defendant and was responsible for overseeing a team of consultants that sold defendant's products to healthcare providers.  *Id.* ¶ 12.

1

Plaintiff claims in Count IV that defendant violated NYLL § 740, New York's whistleblower protection statute, by terminating plaintiff after plaintiff disclosed to his supervisor that defendant was delivering incorrect or missing devices or tools.  *Id.* ¶¶ 43, 93. Defendant allegedly ignored reports about these deficiencies.  *Id.* ¶ 43.  Furthermore, plaintiff's supervisor prohibited plaintiff and sales consultants from filing reports with federal regulators. *Id.* ¶ 44.  Plaintiff argues that the deliveries violated FDA medical device regulations found in 21 C.F.R. §§ 802.80-820.160 and could have adversely impacted patient health and safety.  *Id.* ¶¶ 45, 51.  Defendant fired plaintiff on November 3, 2021.  *Id.* ¶ 5.  Plaintiff commenced this action on November 1, 2023.  *See* DE 1-1 at 1.

### *Discussion*

### *Standard of Review*

The Court applies the well-trodden standard, recently discussed in *Potter v. Inc. Vill. of Ocean Beach*, No. 23-CV-6456 (GRB)(ARL), 2024 WL 3344041 at *4 (E.D.N.Y. July 9, 2024), in deciding defendant's motion to dismiss.  In sum, assuming the allegations of the complaint to be true and drawing inferences in favor of plaintiff, the factual matters asserted must be facially plausible and support the propounded claims.

While "the lapse of a limitations period is an affirmative defense that a defendant must plead and prove … a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint."  *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021).  A district court "may dismiss a claim on statute-of-limitations grounds at the pleadings stage 'if [the] complaint clearly shows the claim is out of time.'"  *Id.* (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

### *NYLL § 740 Amendments*

2

In November 2021, at the time the alleged violation occurred, NYLL § 740 only protected employees from adverse employment actions if they notified their supervisor that the employer was committing a "violation of a law, rule, or regulation," which posed a "substantial danger to public health or safety." *Perez v. G & P Auto Wash Inc.*, 930 F. Supp. 2d 423, 437 (E.D.N.Y. 2013). Employees were required to provide their employers with a "reasonable opportunity to correct" any violation before reporting to a governmental authority. *Frederick v. State*, 232 F. Supp. 3d 326, 334 (W.D.N.Y. 2017). The statute of limitations for NYLL § 740 claims was one year. *See Sokolovsky v. Silver Lake Specialized Care Ctr.*, No. 21-CV-1598 (MKB), 2023 WL 5977298, at *12 (E.D.N.Y. Sept. 14, 2023).

In January 2022, New York's legislature amended NYLL § 740 to expand whistleblower protections for employees and encompass independent contractors and former employees. N.Y. Lab. Law § 740(1)(a). Whereas an employee previously needed to prove an actual violation of a law, rule, or regulation, now an employee needs only a "reasonbl[e] belie[f]" of such a violation. *Id.* § 740(2)(a). The 2022 amendments also protect employees who report based on a "reasonbl[e] belie[f]" that the employer's conduct "poses a substantial and specific danger to public health and safety," without regard to whether the conduct violates a law, rule, or regulation. *Id.* The amendments broaden the scope of impermissible retaliatory action to include not only adverse employment actions, but also threats of such actions. *Id.* § 740(e). Most relevant to this motion, the amendments increased the statute of limitations to two years. *Id.* § 740(4)(a).

Because the statute of limitations was one year when plaintiff was terminated, defendant seeks dismissal of Count IV, arguing that plaintiff's claim is time-barred. *See* DE 16-1.

*Retroactive Effect of Amended Statutes of Limitations*

 "A statute has retroactive effect if it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed, thus impacting substantive rights." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 280 (1994).  New York courts employ a "presumption against retroactivity." *Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020).  However, "a statute that affects only the propriety of prospective relief or the nonsubstantive provisions governing the procedure for adjudication of a claim going forward has no potentially problematic retroactive effect even when the liability arises from past conduct." *Landgraf*, 511 U.S. at 273.

Applying "a new or amended statute of limitations to [bar or permit] a cause of action filed after its enactment, but arising out of events that predate its enactment, generally is not a retroactive application of the statute." *Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 39 F.3d 886, 889 (2d Cir. 1995).  "Retroactivity concerns, therefore, generally do not bar the application of a changed statute of limitations to a complaint filed after the amendment." *Id.*  District courts in the Second Circuit have held that a plaintiff whose claim was live when a statute of limitations was prolonged is entitled to the benefit of the longer limitations period. *See Lama v. Malik*, 192 F. Supp. 3d 313, 321 (E.D.N.Y. 2016) ("Here, Plaintiff's claim was not 'stale,' but 'alive' at the time the newly expanded statute of limitations was enacted … therefore, under the then-existing four-year statute of limitation, she still had a live claim when the [Trafficking Victims Protection Reauthorization Act] was amended in 2008 to permit a ten-year statute [of limitations].");  *Oluoch v. Orina*, 101 F. Supp. 3d 325, 330-31 (S.D.N.Y. 2015) ("Holding defendant to this increased limitations period risks no retrospective effect because it does nothing to expand the

4

legal consequences defendant already faced [when the claim accrued].").  In deciding NYLL §

740 claims, courts have considered whether the claim was time-barred before the 2022

amendments took effect.  *See Flaherty v. Dixon*, No. 22-CV-2642 (LGS), 2023 WL 2051861, at

*9 (S.D.N.Y. Feb. 16, 2023).

      Because plaintiff's retaliation claim was not time-barred when the legislature

amended NYLL § 740, defendant's motion to dismiss Count IV is denied.  Extending the statute

of limitations did not expand or create liability for otherwise unactionable conduct—as would

have been the case if plaintiff had a time-barred claim that was revived.  *See Sokolovsky*, 2023

WL 5977298, at *12 (holding that a claim accruing more than one year prior to the enactment of

the 2022 amendments was subject to the one-year statute of limitations).  Instead, the 2022

amendments merely extended the time during which plaintiff was permitted to bring an action,

which does not constitute retroactive application.  *See Vernon*, 49 F.3d at 889.

      Defendant's two primary arguments in support of dismissing Count IV are unavailing.

First, defendant argues that *Vernon* and its progeny are inapposite because they focus on statutes

of limitations that are part of federal, not state, laws.  DE 16-1 at 19.  According to defendant's

understanding of New York law, the new statute of limitations is substantive, rather than

procedural, because it is embedded within a statutory regime that expanded employers' liability

to whistleblowers.  *Id.* at 11-12.  Defendant maintains that "New York law is clear that a

limitation period set out within the same statute as the cause of action is 'regarded as a matter of

substance limiting the right as well as the remedy.'"  *Id.* at 11 (quoting *Romano v. Romano*, 19

N.Y.2d 444, 448 (N.Y. 1967)).  Because NYLL § 740 "creates a cause of action and attaches a

time limit to its commencement, the time is an ingredient of the cause."  *Id.* at 12 (quoting

*Romano*, 19 N.Y.2d at 447).

The assertion that statutes of limitations contained within New York state law are substantive, rather than procedural, is incorrect.  Indeed, the Second Circuit has stated that *Romano* articulates a "general principle," rather than an "absolute rule," and should not dictate the outcome when there are "more convincing reasons" to apply "the fairer, less capricious of two competing interpretations."  *Hakala v. Deutsche Bank A.G.*, 343 F.3d 111, 116 (2d Cir. 2003).  Despite defendant's contention that *Vernon* applies only to federal statutes, courts in the Second Circuit have applied *Vernon* to New York statutes of limitations.  *See Panigeon v. Alliance Navigation Line, Inc.*, 1997 WL 473385, at *3 (S.D.N.Y. Aug. 19, 1997) (applying *Vernon* to an amended statute of limitations for bringing a New York legal malpractice claim).  Defendant has not offered a compelling reason why this Court should depart from applying *Vernon* to an amended statute of limitations that had the effect of merely prolonging an existing claim.

Second, defendant argues that New York's legislature did not intend for the amended statute of limitations to apply to claims accruing before January 2022.  DE 16-1 at 18-19.  Defendant cites *Brothers v. Florence*, 95 N.Y.2d 290 (N.Y. 2000) for the proposition that an amendment to the statute of limitations cannot apply "retroactively where the text of the amendment was silent on the issue."  DE 16-1 at 18.

Putting aside the fact that applying the amended statute of limitations is not retroactive under *Vernon*, *Brothers* is not on point.  The New York Court of Appeals in *Brothers* was concerned with the due process implications of applying an amendment that shortened the statute of limitations.  95 N.Y.2d at 301 ("When, however, a limitations period is statutorily shortened, or created where none existed before, Due Process requires that potential litigants be afforded a reasonable time for the commencement of an action before the bar takes effect.").  Here, where

the statute prolonged the limitations period and the complaint was not barred at the time of amendment, there are no such due process concerns.  *See Vernon*, 49 F.3d at 889; *Lama*, 192 F. Supp. 3d at 321-22.  Defendant cites no cases stating that the New York legislature needed to expressly allow the new, longer statute of limitations to apply to claims not time-barred under the old limitations period.[1]

Because the 2022 amendments did not revive a time-barred claim, they did not create or expand liability for otherwise unactionable conduct.  The amendments simply extended the time during which plaintiff could bring an NYLL § 740 action.  Thus, plaintiff is not seeking retroactive application of NYLL § 740's statute of limitations.

### Conclusion

For the reasons set forth herein, defendant's motion to dismiss Count IV is denied.

**SO ORDERED.**

Dated: Central Islip, New York
       December 17, 2024

                                  /s/ Gary R. Brown
                                  GARY R. BROWN
                                  United States District Judge

---

[1] Under *Vernon*, determining the legislature's intent in extending the statute of limitations from one to two years is not necessary for resolving defendant's motion.  However, it is far from clear that the legislature sought to subject live claims to the one-year limitation.  It is reasonable to believe that the legislature might prefer the application of the two-year statute of limitations here, which is the "less capricious of [the] two competing interpretations."  *Hakala*, 343 F.3d at 116. "[A] review of the Senate Bill sponsor memorandum issued in connection with [the 2022] amendments to Section 740 reveals that the sponsors were seeking to expand the protection afforded to private employees by Section 740, noting that the Section 'ha[d] long been restrictive.'"  *Zhang v. Centene Mgmt. Co., LLC*, No. 21-CV-5313 (DG)(CLP), 2023 WL 2969309, at *16 (E.D.N.Y. Feb. 2, 2023) (quoting N.Y. Spons. Memo., 2021 S.B. S4394A).